```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DENISE RODRIGUEZ,                              Castel, Judge
                                               12 cv 1173
                    Plaintiff,                 COMPLAINT

       -against-
                                               JURY TRIAL DEMANDED

NEW YORK CITY and UNIDENTIFIED POLICE
OFFICERS,


                    Defendant(s).
----------------------------------------------------------X
```

The plaintiff, complaining of the defendants, by her attorney, FRED LICHTMACHER, ESQ., respectfully shows to this Court and allege:

## JURISDICTION

1       Jurisdiction is founded upon the existence of a Federal Question.

2       This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

3       Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(3 & 4).

4       Venue is appropriate pursuant to 28 U.S.C. §§ 1391 (b) (1 & 2).

## PARTIES

5       The plaintiff, DENISE RODRIGUEZ (hereinafter "RODRIGUEZ"), is a resident of Queens County in the City and State of New York.

6       At all times hereinafter mentioned, the defendant, CITY OF NEW YORK, (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and at all times relevant defendants UNIDENTIFIED POLICE OFFICERS were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

7       Upon information and belief, that at all times hereinafter mentioned, defendants

UNIDENTIFIED POLICE OFFICERS were employed by the defendant, NYC, as members of its police department.

8 At all times hereinafter mentioned, the defendant, NYC, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof.

9 The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

10 This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 as well as pursuant to the laws of the State of New York.

11 Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors under the color of law.

12 A Notice of Claim was served on the Comptroller of the City of New York, on or about March 28, 2011.

13 To date the 50-H hearing of the plaintiff has not been conducted.

14 More than thirty days have elapsed since the service of the aforementioned Notice of Claim and adjustment or payment thereof has been neglected or refused.

15 The state claims in this cause of action are commenced within one year and ninety days of when these causes of action arose as to plaintiff; and the federal claims are brought in a timely manner within three years of the date they accrued.

## STATEMENT OF FACTS

16 On and before February 18, 2011, plaintiff resided at and was a legal renter of the premises

located at 14-10 New Haven Avenue, Apt. L-509 in Far Rockaway, New York (hereinafter "The Premises").

17   On February 18, 2011, at approximately at approximately 6:30 AM, plaintiff traveled to New Jersey to attend the funeral of her Uncle, and returned at approximately 3 PM.

18   Upon information and belief, at approximately 9:45 AM, approximately three (3) unidentified plain-clothes New York City Police Officers (hereinafter "UNIDENTIFIED POLICE OFFICERS") entered The Premises without plaintiff's permission or knowledge.

19   Upon information and belief, after entering The Premises, UNIDENTIFIED POLICE OFFICERS sacked The Premises by breaking the door to The Premises, eating plaintiff's food, and destroying plaintiff's couch and computer chair.

20   Upon information and belief, UNIDENTIFIED POLICE OFFICERS stole $1,700.00 of plaintiff's money and also stole plaintiff's personal property, including a watch and without providing a voucher.

**AS AND FOR A FIRST CAUSE OF ACTION
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
ILLEGAL AND UNREASONABLY CONDUCTED SEARCH & SEIZURE**

21   Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

22   The plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff's residence was entered and searched without probable cause and in that the search was conducted unreasonably resulting in unnecessarily damaged and destroyed property.

23   The said illegal and unreasonably conducted search of The Premises was effected by defendants without authority of law and without any necessity and that the search was conducted unreasonably, without legal justification, without plaintiff's consent, with malice and with malicious intent.

24   As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and

immunities under the Fourth Amendment of the United States Constitution being more particularly plaintiff's right to be free from unreasonable searches.

25      By reason of the illegal search, the plaintiff was harmed in that plaintiff was subjected to pecuniary harms, humiliation, embarrassment, anxiety, was prevented from conducting her necessary affairs of business andwere subjected to various other harms including having her property damaged, destroyed and stolen.

26      By reason of the aforesaid, the plaintiff has been damaged in a sum to be determined at trial, she is entitled to an award of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

### AS AND FOR SECOND CAUSE OF ACTION
### VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO
### THE COMMON LAW OF THE STATE OF NEW YORK
### TRESPASS

27      Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

28      That plaintiff's rights have been violated under the common law of the State of New York, in that defendants trespassed upon plaintiff's private residence.

29      That the said trespass was initiated by the defendants, their agents, servants and employees, without any legal justification and without probable cause in that the defendants gained access to plaintiff's private residence upon false pretenses and were not welcome or allowed upon the premises.

30      That by reason of the trespass, plaintiff was harmed pecuniarily, her property was destroyed and missing, her necessary affairs of business were interfered with and she was otherwise harmed.

31      That by reason of the aforesaid, the plaintiff has been damaged in a sum to be determined at trial and she is entitled to an award of punitive damages.

### AS AND FOR A THIRD CAUSE OF ACTION
### VIOLATION OF PLAINTIFFS' FOURTH AMENDMENT RIGHTS
### BY THE CITY OF NEW YORK i.e.,
### MONELL CLAIM

32      Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

33      The plaintiff's rights have been violated under the Fourth Amendment to the United States Constitution as made applicable to the states via the Fourteenth Amendment by the defendant, NYC.

34      Defendants NYC as well as unidentified police officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of violations of the Constitutional rights of citizens by matters overtly similar to the instant matter, in spite of repeated complaints of similar behavior, and that there has been no meaningful attempt on the part of NYC to investigate or forestall further incidents.

35      The defendant NYC intentionally operates an ineffective Civilian Complaint Review Board, which operates for the purpose of wrongfully exonerating and failing to substantiate legitimate claims against officers.

36      The defendant NYC intentionally operates an ineffective Internal Affairs Department of the City's police department, which operates for the purpose of wrongfully exonerating and failing to substantiate legitimate claims against officers.

37      As a result of NYC's deliberate indifference to the ineffectiveness of the CCRB and IAB, the defendants in the instant case felt free to, and did in fact, violate the plaintiff's rights.

38      It is the routine practice of NYPD officers to enter the homes of minorities with less than probable cause.

39      It is the routine practice of NYPD officers to unreasonably conduct searches, and in so doing they routinely damage and destroy property without legal necessity to do so.

40      Despite being often alerted to the aforementioned recurring problems, the NYPD has remained deliberately indifferent to said problems and in so doing encouraged its officers to persist in these forms of illegal, unconstitutional behavior.

41 By reason of the illegal search, the plaintiff was harmed in that plaintiff was subjected to pecuniary harms, humiliation, embarrassment, anxiety, was prevented from conducting her necessary affairs of business and she was subjected to various other harms including having her property damaged, destroyed and stolen.

42 By reason of the aforesaid, the plaintiff has been damaged in a sum to be determined at trial and she is entitled to an award of reasonable attorneys' fees pursuant to 42 U.S.C. §1988.

### AS AND FOR FOURTH CAUSE OF ACTION
### VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO
### THE COMMON LAW OF THE STATE OF NEW YORK
### CONVERSION

43 Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

44 Plaintiff's rights have been violated under the common law of the State of New York, in that defendants committed the tort of conversion by stealing plaintiff's money and eating plaintiff's food from her private residence, without her knowledge or consent.

45 The said conversion was initiated by the defendants, their agents, servants and employees, without any legal justification.

46 That by reason of the trespass, plaintiff was harmed pecuniarily, her property was destroyed and missing, her necessary affairs of business were interfered with and she was otherwise harmed.

47 That by reason of the aforesaid, the plaintiff has been damaged in a sum to be determined at trial and she is entitled to an award of punitive damages.

  **WHEREFORE**, plaintiff demands judgment against the defendants in compensatory and punitive damages on plaintiff's First, Second and Fourth causes of action and in compensatory damages only on plaintiff's Third cause of action along with reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 on plaintiff's First and Second causes of action together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: January 30, 2012
      New York, New York

                                            / s /
Fred Lichtmacher Esq FL-5341
The Law Office of Fred Lichtmacher, P.C.
Attorney for Plaintiff
The Empire State Building
350 5th Avenue Suite 7116
New York, New York 10118
(212) 922-9066

To:    Michael Cardozo
        Corporation Counsel City of New York
        100 Church Street
        New York, New York 10007